**Anwar Muhammad MIRZA, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 05–2800–ag.

United States Court of Appeals, Second Circuit.

May 30, 2007.

Matthew L. Guadagno (Kerry W. Bretz, Jules E. Coven, on the brief), Bretz & Coven, LLP, New York, NY, for Petitioner.

Elizabeth Cook, Office of Legal Policy, U.S. Department of Justice, Washington, DC (Sheldon D. Sperling, United States Attorney, Cheryl R. Triplett, Assistant United States Attorney, United States Attorney's Office for the Eastern District of Oklahoma, Muskogee, OK, on the brief), for Respondent.

PRESENT: WALKER, JOSÉ A. CABRANES, RICHARD W. GOLDBERG *, Judge.

### SUMMARY ORDER

Petitioner seeks review of an order of the BIA denying his motion to reopen removal proceedings, *In re Mirza,* No. A 73 027 308 (B.I.A. May 6, 2005), following an earlier order of the BIA that, *inter alia,* denied a motion to remand for adjustment of status, *In re Mirza,* No. A 73 027 308 (B.I.A. Feb. 22, 2005). We assume the parties' familiarity with the facts and procedural history of the case.

Petitioner contends primarily that the BIA failed to provide a meaningful explanation for concluding that he had not established eligibility for adjustment of status, even though he submitted with his motion an approved I–130, applied for on his behalf by his second United States citizen wife. We disagree. The BIA stated that the I–130 was insufficient to establish petitioner's eligibility because it contained false information regarding his immigration status upon entry into the United States—that is, petitioner did not have an approved I–130 corresponding to the only relief potentially available to him under Section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i). The BIA acted within its broad discretion in denying petitioner's motion, given that the I–130 was applied for and approved on the ground that petitioner was a parolee, when he had in fact entered the country without inspection. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (noting that the "Attorney General has broad discretion to grant or deny" motions to reopen).

We have considered all of petitioner's arguments and find them to be without merit. The petition for review is **DE-NIED.**

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.